UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SHERYL ANN BRANHAM,

    Plaintiff,

v.

CAROLYN W. COLVIN[1],
Commissioner of Social Security,

    Defendant.

No. 12-CV-00129-JPH

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR IMMEDIATE AWARD OF BENEFITS

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec.14, 17.) Attorney Gary R. Penar represents plaintiff; Special Assistant United States Attorney Kathy Reif represents defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 6.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** plaintiff's Motion for Summary Judgment, **DENIES** defendant's Motion for Summary Judgment, and directs an immediate award of benefits.

**JURISDICTION**

Plaintiff Sheryl Ann Branham (plaintiff) protectively filed for supplemental security income (SSI)

---

[1]Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -1

1  and disability insurance benefits (DIB) on March 23, 2009.² (Tr. 135, 142.) Plaintiff alleged an onset date
2  of November 7, 2007. (Tr.39-40.) Benefits were denied initially and on reconsideration. (Tr. 90, 94, 96.)
3  Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ
4  Caroline Siderius on June 3, 2010. (Tr. 37-68.) Plaintiff was represented by counsel and testified at the
5  hearing. (Tr.42-60.)Vocational expert Deborah LaPoint also testified. (Tr. 60-67.) The ALJ denied
6  benefits (Tr. 10-24) and the Appeals Council denied review. (Tr. 1.) The matter is now before this court
7  pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF FACTS**

The facts of the case are set forth in the administrative hearing transcripts, the ALJ's decision, and the briefs of plaintiff and the Commissioner, and will therefore only be summarized here.

Plaintiff was 50 years old at the time of the hearing. (Tr. 42.) She has a high school diploma and attended three years of college but did not obtain a college degree. (Tr. 42.) She has work experience as a supermarket checker, deli worker, gas station manager, taxi driver, department store worker, English as a second language assistant, receptionist at a nonprofit organization, and as a caregiver. (Tr. 52.) She takes medication for anxiety. (Tr. 44, 62.) She has asthma, COPD, fibromyalgia, degenerative disc disease, chronic fatigue and problems with her knees. (Tr. 44.) Fibromyalgia causes fatigue and body aches. (Tr. 45.) Her knees ache and crack and sometimes she gets stuck when she bends down. (Tr. 47.) She had knee surgery in 2006. (Tr. 47.) Her hands get stiff in the morning and ache in the joints. (Tr. 56-57.) She takes a number of prescription medications and inhalers. (Tr. 48.) She quit smoking the April before the hearing. (Tr. 48.) She does some stretching and walking for exercise. (Tr. 49.) Plaintiff testified she lays down and rests for three to six hours a day. (Tr. 54-55.) On a typical day, she is in pain everywhere. (Tr. 57.) The most pain is in her lower back, knees and neck. (Tr. 57.) Her pain medication helps but does not usually take effect until the afternoon. (Tr. 57.) Her medications make her tired. (Tr. 58.) She has good days and bad days. (Tr. 58.) She testified it is difficult for her to make plans and follow through because she does not know how she is going to feel on a given day. (Tr. 59-60.) She thinks she would only be able to make it to work four days per month. (Tr. 60.)

---

²Plaintiff filed a previous claim for disability benefits on April 14, 2006, which was denied on November 5, 2007. (Tr. 10.) Plaintiff did not seek review of that decision. The ALJ noted the prior decision was not reconsidered or reopened during review of the current claim. (Tr. 10.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -2

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler,* 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**SEQUENTIAL PROCESS**

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -3

can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if his impairments are of such severity that plaintiff is not only unable to do his previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v),

416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity since November 5, 2007, the date of the prior unfavorable decision. (Tr. 13.) At step two, the ALJ found plaintiff has the following severe impairments: degenerative disc disease, chronic knee problems, fibromyalgia, chronic obstructive pulmonary disease/asthma, and depression. (Tr. 13.) At step three, the ALJ found plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 19.) The ALJ then determined plaintiff has the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b) with the following limitations:

> She can lift no more than 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk 2 hours in an 8-hour day. She can sit 6 hours in an 8-hour day. She needs to change position every 45-60 minutes. She can occasionally climb ramps or stairs but never climb ropes, ladders, or scaffolds. She can occasionally engage in balancing, stooping, kneeling, or crawling. She should avoid exposure to odors gases, fumes, dust, and vibration. She is capable of simple, repetitive, 1-2 step tasks, but no detailed work.

(Tr. 20.) At step four, the ALJ found plaintiff has no past relevant work (Tr. 22.) After considering plaintiff's age, education, work experience, residual functional capacity, and the testimony of a vocational expert, the ALJ determined there are other jobs that exist in significant numbers in the national economy that plaintiff can perform. (Tr. 23.) Thus, the ALJ concluded plaintiff has not been under a disability as defined in the Social Security Act from November 5, 2007, through the date of the decision. (Tr. 23.)

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, plaintiff asserts the ALJ erred by: (1) rejecting plaintiff's testimony without articulating legally sufficient reasons; (2) rejecting opinions from plaintiff's treating physicians without proper justification; and (3) formulating the RFC without the proper legal foundation. (ECF No. 15 at 17-36.) Defendant argues the ALJ: (1) provided legally sufficient reasons for finding plaintiff not credible: (2) properly evaluated the medical evidence; and (3) formulated an RFC finding including all restrictions supported by the record. (ECF No. 17 at 4-19.)

**DISCUSSION**

**1.    Credibility**

Plaintiff argues the ALJ erred by rejecting plaintiff's testimony without articulating legally sufficient reasons. (ECF No. 15 at 17-27.) In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929.

Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of the symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). If there is evidence of a medically determinable impairment likely to cause an alleged symptom and there is no evidence of malingering, the ALJ must provide specific and cogent reasons for rejecting a claimant's subjective complaints. *Id.* at 346. The ALJ may not discredit pain testimony merely because a claimant's reported degree of pain is unsupported by objective medical findings. *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). The following factors may also be considered: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition. *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).

If the ALJ finds that the claimant's testimony as to the severity of her pain and impairments is

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -6

unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony. *Morgan v. Apfel*, 169 F.3d 595, 601-02 (9th Cir. 1999). In the absence of affirmative evidence of malingering, the ALJ's reasons must be "clear and convincing." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-39 (9th Cir. 2007); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *Morgan*, 169 F.3d at 599. The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)(citation omitted).

The ALJ found plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. However, the ALJ also found the plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms are not credible to the extent they are inconsistent with the RFC finding. (Tr. 21.) The ALJ listed six reasons for rejecting plaintiff's testimony. (Tr. 21-22)

First, the ALJ concluded plaintiff's testimony regarding her symptoms suggests a greater level of impairment than can be shown by the objective medical evidence alone. (Tr. 21.) While subjective pain testimony may not be rejected solely because it is not corroborated by objective medical findings, the medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); 20 C.F.R. § 416.929(c)(2). The ALJ pointed out plaintiff testified to sleeping about three hours during the day and an inability to stand more than 20 minutes or sit more than 15 minutes (Tr. 53, 55), yet the objective evidence indicates no neurological compromise on imaging studies or exams to support her reported limitations. (Tr. 21.) According to the ALJ, plaintiff's testimony of fatigue is not supported by the objective medical evidence. (Tr. 21.) However, the record reflects plaintiff was diagnosed with and treated for fibromyalgia. (E.g., Tr. 348, 427, 432, 450.) In *Rollins v. Massanari*, the Ninth Circuit recognized:

> [Fibromyalgia's] cause or causes are unknown, there is no cure, and, of greatest importance to disability law, its symptoms are entirely subjective. There are no laboratory tests for the presence or severity of fibromyalgia. The principal symptoms are 'pain all over,' fatigue, disturbed sleep, stiffness, and 'the only symptom that discriminates between it and other diseases of a rheumatic character' multiple tender spots, more precisely 18 fixed locations on the body (and the rule of thumb is that the patient must have at least 11 of them to be diagnosed as having fibromyalgia) that when pressed firmly cause the patient to flinch.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -7

261 F.3d 853, 855 (9th Cir. 2001) (quoting *Sarchet v. Chater*, 78 F.3d 305, 306 (7th Cir. 1996). Further, it is error to effectively require objective evidence for fibromyalgia, a disease that eludes such measurement. *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004). The ALJ identified fibromyalgia as a severe impairment and fatigue, stiffness and pain are all symptoms of fibromyalgia. It was therefore unreasonable for the ALJ to require objective evidence of neurological compromise to support plaintiff's complaints of fatigue. The ALJ's first reason for rejecting plaintiff's testimony does not constitute a clear and convincing reason in this case.

      Second, the ALJ concluded plaintiff's testimony is not supported by plaintiff's own reports of her daily activities. (Tr. 21.) Evidence about daily activities is properly considered in making a credibility determination. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). However, a claimant need not be utterly incapacitated in order to be eligible for benefits. *Id.* Many activities are not easily transferable to what may be the more grueling environment of the workplace, where it might not be possible to rest or take medication. *Id.* Notwithstanding, daily activities may be grounds for an adverse credibility finding if a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The only daily activity noted by the ALJ as inconsistent with pain and fatigue testimony is plaintiff's daily care of her nine-year old daughter. (Tr. 21.) However, the ALJ identified nothing in the record suggesting plaintiff's care of her daughter approaches the level of effort required to maintain the demands of full-time work. Plaintiff testified that in caring for her daughter she "make[s] sure she gets her things ready for school and pretty much let her – get her off to school, watch her walk across the street to school." (Tr. 50.) Plaintiff testified she makes dinner for her daughter and in a function report she wrote she makes t.v. dinners or simple meals. (Tr. 51, 188.) Otherwise, the record is largely silent as to the extent of plaintiff's child care activity. Presumably, the daily care of a nine-year old who is at school much of the day is not as physically demanding as caring for an infant or toddler. In short, nothing in the record suggests that plaintiff's limited daily care for her nine-year old daughter indicates she is spending "a substantial part of [the] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Id.* The ALJ's interpretation of the evidence is not reasonable and this is not a clear and convincing reason supported by substantial evidence for finding plaintiff not credible.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -8

The third reason cited by the ALJ in finding plaintiff not credible is that, according to the ALJ, plaintiff has been inconsistent on exam. (Tr. 21.) In making a credibility evaluation, the ALJ may rely on ordinary techniques of credibility evaluation. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). In support, the ALJ points to the exam notes of Dr. MacKay, a neurosurgeon, who found some inconsistent reaction to pinprick over the hands and "collapsing effort" in all groups on motor exam. (Tr. 244.) Dr. MacKay found no problem for which neurosurgery would be appropriate. (Tr. 244.) Notwithstanding, Dr. MacKay suggested fibromyalgia or muscle spasms might account for plaintiff's symptoms and indicated chronic pain not caused by obvious structural abnormality is usually treated by rheumatology or a pain specialist. (Tr. 244.) Dr. MacKay did not find that plaintiff was malingering or exaggerating; in fact, he suggested fibromyalgia could be the cause, a diagnosis well-established in the record and found by the ALJ to be a severe impairment. The ALJ's inference that some inconsistent reaction to pinprick and "collapsing effort" on one exam are suggestive of a lack of credibility is not supported by Dr. MacKay's notes and is therefore not supported by substantial evidence.

The ALJ further cited as evidence of inconsistencies on exam three reports of motor weakness testing. (Tr. 21.) Dr. Dibble noted 5/5 grip strength bilaterally on exam and remainder strength testing 4/5 in January 2009. (Tr. 279.) The ALJ contrasts this finding with an emergency room exam in September 2008 during which motor strength was 5/5 (Tr. 268) and an office visit in February 2009 in which muscle strength in both knees was 5/5. (Tr. 330.) The ALJ's conclusion that Dr. Dibble's finding of 4/5 muscle strength except for grip strength is an inconsistency strongly suggestive of a lack of credibility does not reasonably justify the negative credibility finding. Something more than a single one point difference in strength testing among different doctors with different specialties is required to satisfy the requirement of clear and convincing reasons supported by substantial evidence.

The fourth justification for the negative credibility finding is evidence of drug-seeking behavior by the plaintiff. (Tr. 21.) Evidence of drug-seeking behavior may undermine a claimant's credibility. *See Lewis v. Astrue*, 498 F.3d 909, 910 (9th Cir. 2007); *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir.2001). The ALJ asserts emergency room records from July 2008 to December 2008 indicate plaintiff was "clearly seeking narcotics" and notes plaintiff was discharged from Dr. Lahtinen's practice for doing so. (Tr. 21.) As pointed out by plaintiff, the record reflects a brief period of some drug-seeking behavior

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -9

from September to December 2008, not July to December as mentioned by the ALJ. (ECF No. 15 at 25, Tr. 21, 255, 258, 261, 268, 420.) Interestingly, the record reflects that during plaintiff's five visits to emergency rooms or urgent care centers to request narcotic pain medication refills, she disclosed on each occasion that she had been discharged from Dr. Lahtinen's practice for violation of her pain contract. (Tr. 255, 258, 261, 268, 420.) Plaintiff's forthrightness was against her interest in procuring narcotic medication and contradicts the inference that she was exaggerating or lying to obtain more medication. During one emergency room visit, a physician noted she had been without pain medication for a month, she appeared to be in considerable pain, and she had no history of prior emergency room visits for pain medication before being discharged from Dr. Lahtinen. (Tr. 268-69.) Contrary to the ALJ's finding, this suggests plaintiff was credible despite her misuse of the emergency room.

The ALJ also points to Dr. Holmquist's office visit record from December 2008 which notes chronic pain disorder, fibromyalgia and sleep disorder and observed plaintiff had been doctor shopping and utilizing urgent care and emergency rooms. (Tr. 360.) He advised plaintiff to return to her new treating physician, Dr. Friesen, and be more for forthcoming and to stop using urgent care for refills of pain medication. (Tr. 360.) Plaintiff followed Dr. Holmquist's instructions and two days later saw Dr. Friesen to sort out her medications. (Tr. 357.) The record reflects no further issues with drug-seeking behavior.

Although plaintiff violated her pain contract with Dr. Lahtinen and attempted to obtain narcotic refills from emergency rooms and urgent care for a brief period when she was without primary care, her behavior does not appear particularly deceptive or misleading based on the record. In *Lewis*, the court noted evidence of drug-seeking behavior including testimony from doctors, hospital behavior, an admitted history of drug addiction, and the strength of the narcotics the claimant was taking. 498 F.3d at 910. Similarly, in *Edlund*, the court noted the ALJ cited evidence the claimant was deceiving his physician by exaggerating his symptoms in order to obtain narcotics to feed his addiction. 253 F.3d at 1157. In this case, no provider suggested plaintiff was malingering, lying, exaggerating or misleading in order to obtain pain medication. *See Penny v. Sullivan*, 2 F.3d 953, 957-958 (9th Cir.1993). In some cases drug-seeking behavior may justify a negative credibility finding, but in this case the limited evidence of such behavior over a relatively short period of time in the record does not constitute "substantial evidence" of a lack of

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -10

credibility.

The fifth reason cited by the ALJ in rejecting plaintiff's testimony is that plaintiff has not followed through with recommended treatment. (Tr. 21.) An unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment may undermine credibility. While there are any number of good reasons for not doing so, see, e.g., 20 C.F.R. § 404.1530© (1988); *Gallant v. Heckler*, 753 F.2d 1450,1455 (9th Cir. 1984), a claimant's failure to assert one, or a finding by the ALJ that the proffered reason is not believable, can cast doubt on the sincerity of the claimant's pain testimony. *Fair v. Bowen*, 885 F.2d 597, 603 -604 (9th Cir. 1989). The ALJ pointed out that in August 2009, plaintiff was discharged from therapy for failure to follow through. (Tr. 22, 492.) Although defendant argues plaintiff "now attempts to explain her non-compliance" because she had developed back pain (ECF no. 17 at 11), plaintiff told the physical therapist her back was more painful on two occasions (Tr. 491) and told Dr. Friesen she had been experiencing increasing back pain since beginning physical therapy. (Tr. 568.) In November 2009, Dr. Friesen noted plaintiff had not followed up with referrals made in September. (Tr. 21, 512.) Plaintiff told Dr. Friesen she had recently moved so she had not been able to do anything else and she wanted to make sure she was clear about the referrals before starting up. (Tr. 512.) In February 2010, Dr. Friesen noted plaintiff had not scheduled physical therapy, but plaintiff reported increasing back pain and medication side effects of sedation. (Tr. 21, 542.) Plaintiff explained she had not begun physical therapy because she had not had the energy to get out of the house. (Tr. 542.) Thus, plaintiff asserted reasons for her lack of follow through with treatment but the ALJ did not address the reasons or find them inadequate. As a result, it is not appropriate for the ALJ to discount plaintiff's lack of follow through with treatment as indicative of a lack of credibility. Therefore, failure to follow a prescribed course of treatment is not a clear and convincing reason supported by substantial evidence for rejecting plaintiff's testimony.

Lastly, the ALJ rejected plaintiff's testimony because improvement was noted with treatment, contrary to her testimony that she has not improved. (Tr. 22.) The type, dosage, effectiveness and side effects of medication taken to alleviate pain or other symptoms as well as the medical treatment received to relieve pain or other symptoms are relevant factors in evaluating the intensity and persistence of symptoms. 20 C.F.R. §§ 416.929(c)(3)(iv) and 416.929.(c)(3)(v). The ALJ asserts the record reflects

improvement in plaintiff's symptoms despite her testimony that she has not improved. (Tr. 22.) When asked to compare how she felt at the time of the hearing to how she felt at the time she quit working, plaintiff testified somewhat equivocally, "Probably worse." (Tr. 59.) The ALJ observed that in February 2010, Dr. Friesen noted plaintiff's ongoing low back pain had improved "some" with injections the previous year, but the ALJ failed to note that Dr. Friesen also stated, "Lately pain is worsening and methadone is not helping pain as long or as much. Gabapentin does not help, only causes sedation." (Tr. 542.) In June 2009, Dr. Friesen noted plaintiff's fatigue is "slightly better now," but also reported that due to fatigue, plaintiff had not been out much for quite a while now. (Tr. 556.) Later that month, plaintiff told Dr. Friesen her back was improving with physical therapy (Tr. 561), but by July and August 2009 plaintiff was reporting increasing back pain to her physical therapist and Dr. Friesen. (Tr. 491, 568.) The ALJ observed the pulmonologist, Dr. Byrd, described plaintiff's fibromyalgia in August 2009 as under "fair control" on her current program and her chronic neck pain was controlled by methadone. (Tr. 676.) However, as plaintiff points out, at the time of the hearing she was still being treated with methadone, corroborating her testimony that severe pain persists and any improvement was temporary. (ECF No. 15 at 26, 692-93.) The ALJ also cited evidence of improvement of knee pain with steroid injections, although plaintiff continued to reported aching in her knees, consistent with her testimony at the hearing. (Tr. 22, 57, 666.) In summary, the evidence cited by the ALJ to support the assertion that plaintiff's symptoms improved contrary to her testimony is unsupported by the totality of the record and substantial evidence.

The credibility finding is not based on clear and convincing reasons or supported by substantial evidence. Therefore, the ALJ erred.

**2.      Opinion Evidence**

Plaintiff argues the ALJ erred by rejecting the opinions of two treating physicians without providing legally sufficient reasons. In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -12

by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair*, 885 F.2d at 604.

If a treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). However, if contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989).

The ALJ rejected the opinions of Dr. Lahtinen and Dr. Friesen, plaintiff's treating physicians. (Tr. 22.) Dr. Lahtinen completed a DSHS Documentation Request for Medical/Disability Condition form in December 2007. (Tr. 299.) He noted plaintiff had limited use of neck/back and joints and opined she was unable to participate in work activities. (Tr. 299.) In August 2008, Dr. Lahtinen completed a second DSHS form indicating plaintiff cannot lift, stand or sit for any length of time.[3] (Tr. 291.) He concluded plaintiff is unable to participate in work activities and noted plaintiff would have difficulty with work because of her deficits. (Tr. 291.) He found her severely limited in lifting and carrying and recommended a neurological evaluation. (Tr. 291.)

Dr. Friesen began treating plaintiff in December 2008 (Tr. 366) and completed a DSHS Documentation Request for Medical/Disability Condition form in January 2009. (Tr. 281.) Dr. Friesen noted diagnoses of fibromyalgia with chronic pain and fatigue and degenerative disc disease in her neck and back. (Tr. 281.) Dr. Friesen found plaintiff cannot lift, sit or stand for any length of time and has a

---

[3] Dr. Lahtinen also completed a DSHS Physical Evaluation forms in September 2006 and July 2007, before the relevant period of this case. (Tr. 303-06.) In September 2006, Dr. Lahtinen diagnosed arthritis, lower back pain, COPD and fibromyalgia and assessed marked limitations in sitting, standing, walking, lifting, handling and carrying. He opined her work level was "sedentary/limited." (Tr. 303.) In the July 2007 evaluation, Dr. Lahtinen listed the same diagnoses, assessed the same marked limitations, and again opined plaintiff's work level was "sedentary/limited." (Tr. 305.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -13

severe limitation with lifting and carrying. (Tr. 281.) She concluded plaintiff cannot participate in work activities. (Tr. 281.)

The ALJ rejected the August 2008 opinion of Dr. Lahtinen and the opinion of Dr. Friesen for two reasons. (Tr. 22.) First, the ALJ found it was "Significant during that time frame, i.e. August 2008 to December 2008, the claimant was clearly seeking narcotics, as seen in the emergency room records during that time, and was exaggerating her pain complaints to obtain drugs." (Tr. 22.) As discussed *supra*, there is no evidence supporting the assertion that plaintiff was "exaggerating her pain complaints to obtain drugs." In fact, at least one emergency room physician believed plaintiff's pain complaints and, after looking at the totality of the situation, prescribed pain medication. (Tr. 268-69.) The ALJ also failed to address Dr. Lahtinen's December 2007 opinion, an opinion made well outside of the small window of drug-seeking behavior evidenced in the record. Dr. Lahtinen's December 2007 opinion mentions similar limitations to those identified in the August 2008 DSHS form, suggesting consistency in plaintiff's complaints and Dr. Lahtinen's opinion. As a result, the ALJ's first reason for rejecting the opinions of plaintiff's treating physicians is not a specific, legitimate reason supported by substantial evidence.

The second reason given by the ALJ in rejecting the opinions of the treating physicians is the opinions appear to be based on plaintiff's own statements which the ALJ determined to be not credible. (Tr. 22.) A physician's opinion may be rejected if it is based on a claimant's subjective complaints which were properly discounted. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *Fair*, 885 F.2d at 604. As discussed *supra*, the ALJ's credibility finding was not supported by clear and convincing reasons and substantial evidence. Therefore, this reason for rejecting the opinions of treating physicians Dr. Lahtinen and Dr. Friesen does not constitute a specific, legitimate reason supported by substantial evidence. The ALJ failed to provide legally sufficient reasons for rejecting the opinions of Dr. Lahtinen and Dr. Friesen; therefore the ALJ erred.

3. **RFC**

Plaintiff argues the ALJ failed to properly assess plaintiff's limitations and therefore the RFC finding is legally insufficient. (ECF No. 15 at 31-36.) Plaintiff asserts the ALJ: (1) failed to assess whether plaintiff is capable of working on a "regular and continuing basis" for 8 hours a day, 5 days a week as required by S.S.R. 96-8p; (2) failed to take into account the opinions of plaintiff's treating

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -14

physician; (3) failed to properly take into account in the RFC limitations on concentration, persistence and pace identified by the ALJ and supported by the record: and (4) improperly adopted the opinion of a medical consultant and non-examining physician. (ECF No. 15 at 31-36.) Because the ALJ failed to provide legally sufficient reasons for rejecting plaintiff's testimony and the opinions of her treating physicians, the basis for the ALJ's residual capacity functioning finding is also suspect. Based on the foregoing, the court need not address each of plaintiff's arguments about the RFC determination.

The court is mindful that the ALJ's decision must be upheld where the evidence is susceptible to more than one rational interpretation. *Andrews v. Shalala*, 53 F.3d 1035, 1039-1040 (9th Cir.1995) However, in determining whether there is substantial evidence to support the ALJ's decision, the court reviews the administrative record as a whole, weighing both the evidence that supports and detracts from the ALJ's conclusion. *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir.1989). The court may set aside the Commissioner's denial of benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Tackett v. Apfel*, 180 F.3d 1094, 1097-1098 (9th Cir. 1999).Considering the record as a whole, including the evidence the ALJ erroneously discredited, the court concludes the ALJ's finding that plaintiff could have performed light work with limitations is not supported by substantial evidence. *See Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). In the context of the entire record, the ALJ's interpretation of the evidence is not reasonable or is not supported by substantial evidence. As a result, the ALJ's decision is based on legal error.

**4.     Remedy**

The court has discretion to remand a case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). An award of benefits may be directed where the record has been fully developed and where further administrative proceedings would serve no useful purpose. *Id.* Courts have credited evidence and remanded for an award of benefits where (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id., citing Rodriguez v. Bowen,* 876 F.2d 759, 763 (9th Cir.1989) (crediting treating physician's

uncontroverted testimony and awarding benefits); *Swenson v. Sullivan,* 876 F.2d 683, 689 (9th Cir. 1989) (crediting subjective symptom testimony and awarding benefits); *Varney v. Sec'y of Health & Human Servs.,* 859 F.2d 1396, 1401 (9th Cir.1988) (crediting subjective symptom testimony and awarding benefits). In this case, the ALJ's reasons for discrediting plaintiff's subjective symptom testimony and treating physician opinions were legally insufficient. There are no outstanding issues and the record is fully developed. After crediting plaintiff's testimony and the opinions of her treating physicians, a finding that plaintiff is disabled is required. Therefore, the ALJ's decision must be reversed and the matter remanded for determination of benefits.

## CONCLUSION

The ALJ's decision is not supported by substantial evidence and free of legal error.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 14)** is **GRANTED**. The matter is remanded to the Commissioner for an immediate award of benefits.

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 17 )** is **DENIED**.

3. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for plaintiff and defendant. Judgment shall be entered for plaintiff and the file shall be **CLOSED**.

DATED July 24, 2013

S/ JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -16